# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2023

Lyle W. Cayce
Clerk

———————

No. 22-20522
Summary Calendar

———————

Alexander Moskovits,

*Plaintiff—Appellant*,

*versus*

Mercedes-Benz Financial Services USA, L.L.C.;
Automotive Recovery Services, Incorporated, *doing business as* ADESA; Unknown State and Federal Agents,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-2260

———————————————————————

Before Clement, Elrod, and Ho, *Circuit Judges*.

Per Curiam:[*]

Alexander Moskovits appeals the dismissal of his pro se civil suit against Mercedes-Benz Financial Services USA, L.L.C. (Mercedes), ADESA Texas Inc. d/b/a ADESA Houston's (ADESA), Automotive Recovery Services, Inc. (ARS), and unknown federal and state agents and the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

denial of his postjudgment motion. Moskovits sought monetary damages for what he alleged was an unlawful repossession and auction of his vehicle after he stopped making payments to Mercedes for the purchase of the vehicle.

Moskovits first argues that the district court erred in granting Mercedes and ADESA's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss his Texas Deceptive Trade Practices Act (TDTPA) claim. We review Rule 12(b)(6) dismissals de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Morris v. Livingston*, 739 F.3d 740, 745 (5th Cir. 2014) (internal quotation marks and citation omitted). He has not shown error because he did not adequately allege, at a minimum, a producing cause of his injury under the TDTPA. *See* Tex. Bus. & Com. Code § 17.50(a); *Daugherty v. Jacobs*, 187 S.W.3d 607, 615 (Tex. App. 2006).

Moskovits fails to meaningfully challenge the district court's dismissal of his remaining state and federal claims against Mercedes, ADESA, and ARS under Rule 12(b)(6). Nor does he meaningfully challenge the district court's grant of ADESA's motion to dismiss for insufficient service, the dismissal of the unknown agents for lack of service, or the denial of his postjudgment motion. Therefore, these claims are waived. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Moskovits's remaining arguments regarding the denial of his motion to compel discovery, of his motions for summary judgment, and of his request to amend his complaint are without merit.

AFFIRMED.